UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GARY SAWYER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-06-702 |
| | § | |
| E.I DUPONT DE NEMOURS AND COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

I.

Before the Court is the defendant, E.I. DuPont de Nemours and Company's Motion for Summary Judgment (Document 72) filed against the plaintiffs, John D. Clark and Tony Dahlquist. Also before the Court is the plaintiff's Response (Document 76). The Court has reviewed the pleadings and briefs on file associated with the motion, and determines that the motion should be granted.

II.

This suit was initiated by Gary Sawyer and other named plaintiffs in 2006. In their suit, they allege that the defendant, their employer, committed fraud, fraud by omission and fraudulent inducement, concerning the stability of their employment with a DuPont subsidiary, DuPont Textiles and Interiors ("DTI"). The plaintiffs allege that they were persuaded to take positions with DTI based on statements or the implication that DTI would not be sold to a third party in the future. The plaintiffs allege that this representation was untrue in that DuPont sold the DTI subsidiary to Koch Industries on or about May 1, 2004. After the subsidiary was sold to Koch, the plaintiffs assert that their pay, pension and benefits were diminished.

III.

The defendant, DuPont, bases its motion for summary judgment on the following allegations: (a) DuPont announced publicly and to its employees in 2003, that it was negotiating a sale of its subsidiary, merely four months after the plaintiffs' executed transfer forms agreeing to transfer to DTI; (b) the plaintiffs' allegations are barred by the statutory four-year statute of limitations; and (c) because Clark and Dahlquist did not join Sawyer's suit until April 22, 2008, 2007, their joinder is untimely.

The plaintiffs (Clark and Dahlquist) assert that: (a) the plaintiffs' claim did not accrue on the date alleged by the defendant; (b) there is no evidence that the plaintiffs were provided with the correspondence of April 14, 2003; (c) when the plaintiffs discovered the defendant's fraudulent conduct, they joined the Sawyer suit; hence, the "discovery rule" protects their claim; and (d) in the alternative, the plaintiffs plead fraudulent concealment.

**IV.**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."  Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

### V.

The statute of limitations for a cause of action based on fraud is four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a) (Vernon 2009). The period of limitations begins to run when the fraud is perpetuated or, if the fraud is concealed, from the time that the fraud is discovered by the exercise of reasonable diligence. *See, Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). However, when a party pleads the discovery rule as an exception to the limitations period, the burden rests on the movant to establish that the party discovered or should have discovered the fraud. *See, Texas Soil Recycling, Inc.,* 273 F.3d 644 (5th Cir. 2001).

On the other hand, a claim of fraud requires the claimant to establish that a representation was made, the representation was material, it was false and, when made, the person making the representation knew it to be false or made the representation recklessly, as a positive assertion without knowledge of the truth, with the intent to deceive and be acted or relied on, which representation caused the claimant injury. *In re International Profit Assoc.,* 274 S.W.3d 672, 678 (Tex. 2009).

**VI.**

In the case at bar, the evidence shows, and is undisputed, that the plaintiffs, Clark and Dahlquist, each signed a "Volunteer Form for Transferring to DTI" on December 16, 2002, and December 2, 2002, respectively. The form contained the following representations:

1. I am submitting this Volunteer Form indicating my desire to voluntarily transfer from the DuPont LaPorte Bargaining Unit to DuPont Textiles and Interiors (DTI), a wholly owned subsidiary of DuPont, and become a member of the DTI LaPorte Bargaining Unit.

2. I understand that this form must be received by **Roslyn Cacciotti or Mickey Brock** no later than **Monday, December 16, 2002, at 12:00 P.M. (CST)** in order for me to be considered. Volunteer forms should be **hand delivered** since they **must be received** by one of the above persons by the deadline or they will not be considered. An email will be sent confirming receipt.

3. I understand that I can revoke (cancel) my Volunteer Form if my request in writing is **received** by one of the above persons **before** the **Monday, December 16, 2002, at 12:00 P.M. (CST)** deadline. I also understand that once that deadline passes, my Volunteer Form becomes irrevocable and I will be transferred to DTI when the wholly owned subsidiary is formed, effective 1/1/03 at 12:01 A.M.

4. I understand the following relating to my transfer to DTI:

    - On the effective date, I will become a member of the DTI LaPorte Bargaining Unit and will begin accruing DTI LaPorte Bargaining Unit seniority in the order of my

>    former DuPont LaPorte Bargaining Unit seniority.
>
> - On the effective date, I will cease being a member of the DuPont LaPorte Bargaining Unit.
>
> - I understand that the DTI LaPorte Bargaining Unit is totally separate and independent from the DuPont LaPorte Bargaining Unit, and that I have no rights to return to the DuPont LaPorte Bargaining Unit. I also understand that each Bargaining Unit will operate separately and independently with respect to hiring, transfers, reductions of force and all other matters, except as specified during the transition.
>
> **I have read and understand the above statements.**

[Emphasis in document.]

Effective January 1, 2003, DTI was formed and the plaintiffs became employees of DTI and the DTI Bargaining Unit. Less than four months later, on April 14, 2003, the defendant announced to its textile and interior employees that it had been approached about purchasing DTI and that a sale was one of the options under consideration by the defendant. The sale of DTI to Koch Industries was consummated on or about May 1, 2004, within 13 months after the announcement. Hence, there is no evidence of a lengthy delay or concealed transaction after the April 14, announcement.

The plaintiff suggests by their pleadings that the representations allegedly made by DuPont matured into a cause of action for which damages might accrue. Except for any rights that might exist in a collective bargaining agreement, there is no right to continued employment. *See, Patterson v. Leal*, 942 S.W.2d 692 (Tex. App.—Corpus Christi, 1997) [Texas adheres to the doctrine of employment at will.] In the case at bar, the plaintiffs do not argue on that basis which suggests that no such terms exist. Moreover, even if they do exist in a collective

bargaining agreement, the grievance process is a predicate to and supplants any common law claim for fraud.

Finally, assuming that the plaintiffs could maintain claims for fraud against DuPont, their claims are barred by the four-year statute of limitations. *See,* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a) (Vernon 2009). DuPont issued a notice to its employees on April 14, 2003, informing the unit that an outside company had expressed an interest in DuPont's DTI fiber operations. The plaintiffs do not deny that they saw or heard about the notice. Instead, their pleadings suggest that DuPont has the burden to produce evidence that the plaintiffs "received, read or were aware" of the April 14 correspondence. This is a misplaced burden.

The plaintiffs do not deny receiving, reading or otherwise having knowledge of the correspondence. "In an action for fraud, limitations begin to run when the fraud is perpetrated, or if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence." *See, Woods,* 769 S.W.2d at 517. *See also, Trousdale v. Henry*, 261 S.W.3d 221, (Tex .App.–Houston [14th Dist.] 2008, pet. denied). The Court is of the opinion that limitation began to run on April 14, 2003; and there is no evidence of concealment. Therefore, the period within which the plaintiffs might have brought their suit against DuPont expired on April 14, 2007, approximately one year before the plaintiffs joined the Sawyer litigation.

Accordingly, the claims of John D. Clark and Tony Dahlquist are DISMISSED as barred by limitations. For the reasons set forth in this Memorandum and Order, DuPont's Motion for Summary Judgment is GRANTED.

It is so ORDERED.

SIGNED at Houston, Texas this 3rd day of September, 2010.

                                          Kenneth M. Hoyt
                                          United States District Judge