UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GARY SAWYER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-06-702 |
| | § | |
| E.I DUPONT DE NEMOURS AND COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Before the Court are the defendant E.I. DuPont De Nemours and Company's ("DuPont") motion for summary judgment concerning "certain plaintiffs" (Document No. 90), the plaintiffs, Jessie Lloyd, Tracy Hendrick-Thomas, Jesse R. Blancas and James Svoboda's response (Document No. 102) and the DuPont's reply (Document No. 103).  The Court has examined the pleadings, motion, response and arguments of counsel and determines that DuPont's motion is meritorious and should be granted.

**II.    FACTUAL BACKGROUND**

The factual background that gives rise to this suit is relatively uncontroverted.  A full statement of the background is set forth in the Court's Memorandum and Order, already on file in this case.  *See* (Document No. 86).  The plaintiffs, like many other employees, were employees of DuPont at the time that the officers and management at DuPont determined that it was in DuPont's best interest to sell off its subsidiary, DuPont Textiles and Interiors.  They also shared the distinction for being employed in the Textile Division at the time DuPont sold it.  The plaintiffs Lloyd and Thomas were office and clerical personnel, while Blancas and Svoboda were

laboratory personnel.  It is undisputed, however, that these plaintiffs were not employed pursuant to a contract or collective bargaining agreement during the course of their employment.  Nevertheless, the plaintiffs claim that they were wrongfully terminated and now seek redress of their claims.

### III.     CONTENTIONS OF THE PARTIES

#### A.     The Plaintiff's Contentions

The plaintiffs sued DuPont asserting causes of action for fraud, fraud by omission and fraudulent inducement.  The facts that the plaintiffs proffer in support of their claims are that officers and managers of DuPont, being fully aware of DuPont's intentions concerning the future of the Textile Division, made representations that they knew were false, omitted critical information or were made without regard for the truth or falsity of the representations.  In this regard, the plaintiffs assert that DuPont, by its representations, modified the at-will employment relationship between itself and the plaintiffs in two respects, by limiting its ability to terminate the plaintiffs only for cause or, based on seniority.  More specifically, the plaintiffs contend that they were treated in the same manner as union employees and would be terminated only for cause.  Hence, the plaintiffs rely, they assert, on management's policy not to "fire people without cause."

Concerning the plaintiffs' seniority claim, the plaintiffs, Svoboda and Blancas, who worked in the laboratory, assert that they were "expressly informed by persons in authority that if they had declined to transfer to the new Textile Division, their seniority would protect their employment in the event of a layoff."  Likewise, Lloyd and Hendrick-Thomas assert that they were assured that "their seniority would ensure they each found another position to remain with DuPont."  According to the plaintiffs, the Senior Human Resources Manager at DuPont

2

"confirmed there was an agreement between DuPont and the non-union [personnel] ensuring seniority." Thus, it is on the basis of what these plaintiffs allegedly would forego by leaving DuPont that their tort claims rest against DuPont.

### B. The Defendant's Contentions

In its motion and reply to the plaintiffs' response to its motion, DuPont asserts that the plaintiffs' understanding of DuPont's discipline and seniority policies does not change the fact that their employment was "at will" employment. As further supporting argument along these lines, DuPont contends that case law is dispositive of the discipline and seniority arguments in that there was no contract in place upon which any modification could be founded. In this regard, DuPont points to the holdings in *Offshore Petroleum Divers, Inc. v. Cromp*, 952 S.W.2d 954, 956 n. 3 (Tex. App.—Beaumont 1997, pet. denied) and *Texas Farm Bureau Mutual Ins. Companies v. Sears*, 84 S.W.3d 604, 608 (Tex. 2002), among others, as dispositive.

In addition to its arguments concerning at-will employment, DuPont argues that representations by a former employer, concerning a prospective employment, is not actionable as fraudulent. Finally, and pointing out that the alleged misrepresentations were made by DuPont and that DuPont Textiles and Interiors terminated the plaintiffs, DuPont argues that the cases relied upon by the plaintiffs do not support their legal position. Hence, DuPont seeks summary judgment.

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant

or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

### V.     ANALYSIS AND DISCUSSION

The upshot of the plaintiffs' suit is that their former employer misrepresented the terms of their future employment with a prospective employer and, as a result, became liable as a result of those misrepresentations even though it was their new employer who terminated them. It is

undisputed that the plaintiffs' employment relationship with DuPont ended when the plaintiffs became employees of the newly created entity that was eventually sold to Koch. Hence, any employment contract that could, arguably, have existed between DuPont and the plaintiffs ended with that transfer event. Therefore, DuPont could not breach any contractual relationship between itself and the plaintiffs, or between the plaintiffs and DuPont Textiles and Interiors.

The evidence is also undisputed that the plaintiffs were "at-will" employees during the entire term of their employment with DuPont. Without doubt, DuPont had in place for the benefit of its non-union employees internal policies that gave them assurances concerning their employment with DuPont. However, it cannot be said that at any point during the plaintiffs' employment that these internal policies or assurances rose to the level of becoming guarantees of continued employment, converting their at-will employment into a contract. *See Midland Judicial District Community Supervision v. Jones*, 92 S.W.3d 486, 487 (Tex. 2006). Something more is required for this to occur and that something is absent here. Therefore, because the plaintiff could not bring a suit for fraud against DuPont while they were employed there, none is available after they transferred to their new employer. *See Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 388 (Tex. App.—Houston [1st Dist.] 2007, no pet).

## VI.  CONCLUSION

The Court is of the opinion and holds that the plaintiffs were at-will employees throughout the term of their employment and that nothing that was stated or promised by officers or managers of Dupont changed that status. Therefore DuPont's motion for summary judgment is GRANTED.

6

It is so ORDERED.

SIGNED at Houston, Texas this 3rd day of February, 2011.

                                                  Kenneth M. Hoyt
                                                United States District Judge