UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GARY SAWYER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. G-06-702 |
| § | |
| E.I DUPONT DE NEMOURS AND § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendant, E.I. DuPont De Nemours and Company's ("DuPont") motion for summary judgment against "all remaining plaintiffs" (Document No. 78), the plaintiffs' response (Document No. 104), DuPont's reply (Document No. 121), and the plaintiffs' surreply (Document No. 124). The Court has reviewed the evidence proffered, the memoranda provided and determines that DuPont's motion is meritorious and should be granted.

**II.**

For purposes of this Memorandum, the Court relies on and incorporates the background facts that it set forth in its related Memorandum Opinions and Orders. *See* (Document Nos. 86 and 129). DuPont's all remaining plaintiffs' motion relates to approximately 59 former employees of DuPont and sets forth identical arguments as those set forth in its other motions. Therefore, the plaintiffs' contentions and DuPont's assertions do not bear repeating. In this regard, the Court adopts and incorporates into this Memorandum the reasoning and conclusions set forth in its previously filed Memoranda (Documents Nos. 86 and 129).

### III.

The remaining plaintiffs were parties to a Collective Bargaining Agreement that existed between DuPont and the local union. They too, allegedly relying on representations of the officers and managers of DuPont, opted to leave DuPont and take positions with DuPont's subsidiary, DuPont Textiles and Interiors. As other DuPont employees who made the transfer and were later terminated, the plaintiffs assert fraud, fraud by omission and fraudulent inducement.

In response to DuPont's motion for summary judgment as to the remaining plaintiffs, the CBA employees, the plaintiffs repeat arguments presented in DuPont's earlier motions for summary judgment. In addition, the plaintiffs move to strike portions of Michael Brock's affidavit and deny the relief requested by DuPont.

### IV.

The Court is of the opinion that the law of at-will employment applies to both union and non-union employees. The exceptions, if any, are generally set forth in the CBA. However, even there, the limitations on at-will employment are prescribed and set forth in writing in the CBA. *See Communications Workers of America AFL-CIO v. Southwestern Bell Telephone Co.*, 13 F.2d 1118, 1124 n.4 (5th Cir. 1983). The plaintiffs chose, however, to seek relief under common law contract rather than pursuant to the CBA.

Assuming that DuPont breached the CBA by its alleged representations and assurances, the CBA would be the avenue through which relief might be obtained. The plaintiffs did not choose that route, in which event they relegated their claims to the same status as non-union

employees. And, as a result, the holding in the previous Memorandum and Order that addressed non-union employee applies here.

The plaintiffs also seek to strike the affidavit of Michael Brooks. That motion is DENIED. However, even if that affidavit were struck, there is no case law sited to or known by the Court that elevates internal policies or the statements of manager to contract status.

Therefore, for the reasons heretofore stated, DuPont's motion for summary judgment should be and it is hereby GRANTED.

It is so ORDERED.

SIGNED at Houston, Texas this 3rd day of February, 2011.

_____
Kenneth M. Hoyt
United States District Judge