IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GARY SAWYER, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. G-06-702 |
| | § | |
| E. I. DUPONT DE NEMOURS AND COMPANY | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Pursuant to the Federal Rules of Civil Procedure and Local Rule 54.2 of the Southern District of Texas, Plaintiffs file their Objections to DuPont's Bill of Costs within seven days of the filing of the Bill of Costs, and in support thereof, respectfully show the following:

### I.

Plaintiffs object to the award of any deposition costs to DuPont, therefore Plaintiffs object to DuPont's request for $85,576.04 in costs. Plaintiffs filed their lawsuit against DuPont on November 7, 2006. The first deposition in this case was not taken until March 18, 2010. DuPont therefore, had more than three years to file their motion for summary judgment prior to incurring any deposition costs. DuPont chose not to file their motion for summary judgment against all plaintiffs until August 31, 2010. The Court granted summary judgment on February 3, 2011. In granting the summary judgment, the Court held that plaintiffs were covered by a collective bargaining agreement, plaintiffs pursued common law causes of action which relegated their claims to the same status as non-union employees, and plaintiffs were at will employees and barred from pursuing their fraud claims. None of these arguments advanced by DuPont required the depositions of the plaintiffs or any other fact witness. Indeed, DuPont did

not cite to a single deposition in moving for summary judgment against all plaintiffs. DuPont was able to advance these arguments at the outset of the litigation, yet it chose to depose all but one plaintiff prior to filing its motion for summary judgment. Plaintiffs should not be taxed the costs of any deposition taken in this matter when the depositions were not necessary for DuPont to file the summary judgment which the court granted. The plaintiffs therefore, ask that the $85,576.04 in deposition costs be removed from the bill of costs reducing the cost amount to $2,396.60.

## II.

In the event it is determined that it was necessary and reasonable for DuPont to take depositions prior to moving for summary judgment, plaintiffs object to the award of costs for the videotaping of the plaintiffs' depositions. Therefore, in the alternative, plaintiffs object to $33,312.50 in costs. While videotape deposition costs and deposition transcripts are both recoverable costs, the requesting party still bears the burden of showing that it was reasonably obtained for use at trial. See, *Nilesh Enterprises, Inc. v. Lawyers Title Ins. Corp.*, 2010 WL 2671728 (W.D. Tex. July 1, 2010) citing *S&D Trading Acad. LLC v. AAFIS, Inc.*, 336 Fed. App'x 443 (5th Cir.) and *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).

In this matter, it was not reasonable for DuPont to videotape the depositions of the plaintiffs in addition to having their depositions stenographically recorded (at a cost of $41,584.19), as each plaintiff was obligated to appear at trial in order to prove his individual fraud case. If a plaintiff did not appear at trial, his case would be dismissed and the videotaped transcript would not be used. In the event DuPont would need to impeach a plaintiff with his deposition testimony, the stenographic transcript would be sufficient and would in all likelihood be the only thing used by DuPont. Even DuPont's counsel recognized that plaintiffs' videotaped

depositions would not be used at trial. Attached as Exhibit A to this response is correspondence between DuPont's counsel, Mr. Russell Manning, and counsel for plaintiffs, Mr. Wade Howard, exchanged when the parties were preparing for trial, in which Mr. Manning does not designate the depositions of any plaintiff for use at trial. Because the videotaped depositions were not necessary for the preparation for trial, their costs should not taxed to plaintiffs. Therefore, the bill of costs should be reduced by at least $33,312.50.

### III.

The costs should be apportioned $1/63^{rd}$ to each plaintiff as there are 63 plaintiffs in this matter. The costs should not be taxed jointly and severally as to do so, would inequitably charge each plaintiff with the costs associated with the other plaintiffs' cases. Furthermore, DuPont's counsel has already informed plaintiffs' counsel that DuPont intends to collect costs during the pendency of the appeal in the event a supersedeas bond is not filed. See Exhibit B. Plaintiffs request that the Court not tax the costs jointly and severally as it would permit DuPont to target one plaintiff for the costs associated with the other plaintiffs' cases.

### CONCLUSION & PRAYER

For the reasons set forth above, DuPont's request that it be awarded $85,576.04 in costs for all depositions taken in this matter should be denied, and the remaining costs of $2,396.60 be assessed 1/63 to each plaintiff in the amount of $38.04. In the alternative, the costs for the videotaping of plaintiffs' depositions in the amount of $33,312.50 should be denied, and the remaining costs of $54,660.14 be assessed 1/63 to each plaintiff in the amount of $867.62. Plaintiffs also request that the award of costs indicate that costs are taxed individually to the plaintiffs, not jointly and severally.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

By: /s/ Wade T. Howard
Michael P. Cash
Texas Bar No. 03965500
Federal ID No. 5472
Wade T. Howard
Texas Bar No. 00787725
Federal ID No. 17514

1000 Louisiana, Suite 3400
Houston, Texas 77002-5011
Telephone: (713) 276-5500
Telecopier: (713) 276-5555

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS was served on counsel for Defendant via the Court's electronic filing system, on this 18th day of February, 2011, as follows:

Russell Manning
Hornblower, Manning, Ward, Harrison,
  Venecia, and Rodriguez, P.C.
P.O. Box 2728
Corpus Christi, Texas 78403-2728
*Attorneys for Defendant*

/s/ Wade T. Howard
Wade T. Howard